UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PARIS HILTON and PARLUX FRAGRANCES, :
LLC, :
 :
 :
 Plaintiffs, :
 : ORDER
 -against- : 12-CV-6346 (JFB)(AKT)
 :
UK FRAGRANCES, INC., PERFUME WORLD, :
INC.,AZMERE USA, INC., SAHAR USA, INC., :
A&A TRADING COMPANY, LTD., IMRAN :
INAMDAR, FAIR TRADING COMPANY, LTD., :
SYED ASAD RAZA NAQVI, Z&Z GLOBAL :
ENTERPRISES, LIMITED, and JOHN DOE :
DEFENDANTS 1-10, :
 :
 Defendant. :
---------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

Plaintiffs Paris Hilton and Parlux Fragrances, LLC, ("Plaintiffs") bring this action against defendants seeking redress for violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.* and New York State law. On June 6, 2013, Plaintiffs moved for default judgment against defendant UK Fragrances, Inc. ("UK Fragrances"). On September 19, 2013, Plaintiffs moved for default judgment against defendant Z&Z Global Enterprises, Limited ("Z&Z Global"). On October 16, 2013, this Court granted the motions for default judgment on liability against both defendants and referred the matters to Magistrate Judge Tomlinson for a Report and Recommendation on damages. Plaintiffs seek the following damages: (i) disgorgement of defendants' profits (or a "much larger" multiple thereof, "as this Court finds to be 'just'"); (ii) treble damages, in the form of three times the amount of plaintiffs' lost profits for every sale of Paris Paris product instead of genuine Paris Hilton merchandise; and (iii) attorneys' fees and costs. Plaintiffs also request a permanent injunction. On

1

February 7, 2014, Judge Tomlinson issued her Report and Recommendation, recommending that the request for damages and the injunction be granted in part and denied in part.

In short, Judge Tomlinson recommends (1) the request for damages with respect to UK Fragrances' profits be denied because plaintiffs have submit submitted insufficient information for an award of damages based on UK Fragrances' sales of the infringing products; (2) plaintiffs be awarded $13,823 in damages against Z&Z Global based on Z&Z Global's profits; (3) the request for lost profit and treble damages be denied because plaintiffs have failed to provide evidence of their sales or profits before or after the infringing conduct; (3) a total of $6,384.31 in fees and costs against UK Fragrances, and $7,129.66 in fees and costs against Z&Z Global; (4) an injunction prohibiting defendants' officers, agents, servants, employees, and representatives from engaging in any activities that infringe any of plaintiff's rights, including, but not limited to, infringing on plaintiffs' design patents and offering for sale, selling, distributing, or marketing merchandise in any way that tends to deceive, mislead, or confuse the public into believing that Z&Z Global's and UK Fragrances, Inc.'s merchandise in any way originates with, is sanctioned by, or affiliated with the Paris Hilton brand; and (4) an injunction directing Z&Z Global and UK Fragrances, Inc. to turn over to plaintiffs for destruction (at Z&Z Global's and UK Fragrances' expense) any infringing merchandise in their possession, custody or control. The Report and Recommendation states that the parties have fourteen (14) days from service of the Report and Recommendation to file written objections, and that failure to file objections within this period will preclude further review of the Report and Recommendation or this Court's order. To date, although the deadline for objections has expired (on February 21 for plaintiffs and February 24 for defendants), no objections have been filed.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court, in an abundance of caution, has conducted a *de novo* review of the Report and Recommendation and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation in its entirety.

IT IS FURTHER ORDERED that plaintiffs submit a proposed judgment in accordance with this order within seven (7) days.

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on defendants.

IT IS FURTHER ORDERED that plaintiffs advise the Court within thirty (30) days of the status of this case with respect to defendants Fair Trading Co., A&A Trading Co., Imran Inamdar, and Syed Asad Raza Naqvi.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2014
Central Islip, New York